UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES STALEY, and<br>CHERYL STALEY,<br><br>    Plaintiffs,<br>v.<br><br>KOZENY & McCUBBIN, L.C.,<br>AMERICA'S SERVICING COMPANY, and<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY,<br><br>    Defendants. | Case No. 4:10-cv-01681-HEA |

**DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rule 12(b)(6), Defendants America's Servicing Company ("ASC") and Deutsche Bank National Trust Company ("Deutsche") (collectively "Defendants") by and through their attorneys, hereby move to dismiss all claims asserted against them in Plaintiffs James Staley and Cheryl Staley's Complaint for failure to state a claim upon which relief can be granted. In support of their motion, Defendants submit this accompanying memorandum and state as follows:

**INTRODUCTION**

In this removed action, Plaintiffs have asserted wrongful foreclosure, quiet title, and violations of the Fair Debt Collections Practices Act ("FDCPA") claims against the Defendants. However, Plaintiffs' claims should be dismissed for failure to state a claim upon which relief can be granted because their Complaint fails to set forth any set of facts that would entitle them to recovery against the Defendants.

**I.    Plaintiffs' Complaint Should Be Dismissed For Failure to State A Claim Upon Which Relief May Be Granted.**

A complaint must be dismissed pursuant to Rule 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must include

enough factual allegations to "raise a right to relief above a speculative level" and must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009)( (citing Bell Atl. Corp, 550 U.S. at 570). Hence, a complaint must contain facts sufficient to state a claim as a matter of law and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp, 550 U.S. at 555.

In ruling on a motion to dismiss, all factual allegations are accepted as true. Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007). However, this "tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by merely conclusory statements." Ashcroft, 129 S. Ct. at 1940. As such, a court may only assume the veracity of well-pleaded factual allegations to determine whether those allegations give rise to an entitlement of relief. Id. at 1940-41.

### A. Plaintiffs Cannot Sustain a Cause of Action for Damages Based on Wrongful Foreclosure

Plaintiffs cannot support a cognizable action for damages against the Defendants based on wrongful foreclosure. "[A] tort action for damages for wrongful foreclosure lies against a mortgagee only when the mortgagee has no right to foreclosure at the time the foreclosure proceedings were commenced." Ice v. IB Prop. Holdings, LLC, 2010 WL 1936175, No. 09-3232-CV-S-GAF, *3 (W.D. Mo. May, 13, 2010) (quoting Fields v. Millsap & Singer, P.C., 295 S.W.3d 567, 571 (Mo. Ct. App. 2009). "If the right to foreclose existed, no tort cause of action for wrongful foreclosure can be maintained." Id. Thus, a plaintiff "seeking damages in a wrongful foreclosure action must **plead and prove** that when the foreclosure proceeding was begun, there was no default on its part that would give right to a right to foreclose." Ice v. IB Prop. Holdings, LLC, No. 09-3232-CV-S-GAF, 2010 WL 1936175, *3 (W.D. Mo. May, 13, 2010) (Emphasis added); see also Dobson v. M.E.R.S.

Inc./GMAC Mortgage Corp., 259 S.W. 3d 19, 22 (Mo. Ct. App. 2008) (holding there can be "no tort cause of action for wrongful foreclosure when there is a right to foreclose").

In this case, Plaintiffs cannot sustain a cause of action for damages based on wrongful foreclosure because Defendant Deutsche had a right to foreclose on the subject property at the time of the subject foreclosure. In the Complaint, Plaintiffs have alleged that Mortgage Electronic Registration Systems, Inc.'s assignment and/or transfer of the subject Deed of Trust is null and void because MERS had no interest in the subject Note or Deed of Trust. See Complaint ¶¶ 11-14. To support this allegation, Plaintiffs have identified Intervale Mortgage Corporation ("Intervale") as their original lender. See Complaint ¶ 8. Yet, any argument that the recorded Assignment of Deed of Trust from MERS to Defendant Deutsche must fail based on the actual language of the Deed of Trust executed by Plaintiffs.

> The subject Deed of Trust provides, in pertinent part, as follows:
>
> DEFINITIONS
> "(E) "MERS" is Mortgage Electronic Registration systems, Inc. MERS is separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument "
>
> TRANSFER OF RIGHTS IN THE PROPERTY
> "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS."
>
> "Borrower understands and agrees that MERS hold only legal title to the interest granted by Borrower in this Security Instrument,…MERS (as nominee for Lender and Lender's successors and assigns) has right: to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender…"

See Complaint, at Exhibit 3.

This language authorizes MERS to act on behalf of Intervale in serving as legal title holder to the beneficial interest under the Deed of Trust and exercise any of the rights granted to Intervale. See In re Tucker, No. 10-61004, 2010 WL 3733916, at * 6 (W.D. Bankr. Sept. 20, 2010)(finding that the Deed of Trust allowed MERS to hold legal title in its capacity as nominee, which "clearly authorizes

MERS to act on behalf of the Lender in serving as the legal title holder and to the beneficial interest under the Deed of Trust and exercising any of the rights granted to the Lender thereunder"); see also M.E.R.S. v. Bellistri, No. 4:09CV731CAS, 2010 WL 2720802, at * 15 (E.D. Mo. July 1, 2010) (holding that "as nominee of the original lender…MERS has bare legal title to the note and deed of trust securing it, and this is sufficient to create standing"). Accordingly, as nominee, MERS had authority to assign the subject loan to Defendant Deutsche.

Moreover, Defendant Deutsche had a right to foreclose on the subject property because Plaintiffs' loan was in default. As evidenced by the collection efforts indicated in paragraphs 45 and 46, Plaintiffs defaulted on their loan. See Complaint ¶ ¶ 45, 46. Notably, Plaintiffs have not pled any facts that would demonstrate that they were not in default on the subject loan. As such, Plaintiffs cannot sustain a cause of action for damages against Defendant Deutsche based on wrongful foreclosure because Defendant Deutsche had authority to foreclosure as well as a right to foreclose when the Plaintiffs defaulted on their loan. Therefore, the Complaint should be dismissed with prejudice.

### B. Plaintiffs Cannot Sustain a Cause of Action for Equitable Relief Based on Wrongful Foreclosure

A plaintiff can only maintain an equitable claim for wrongful foreclosure where the mortgagee had the right to foreclose if fraud, unfair dealing, or mistake was involved in the trustee's sale. Ice v. IB Prop. Holdings, LLC, No. 09-3232-CV-S-GAF, 2010 WL 1936175, *3 (W.D. Mo. May, 13, 2010) (citing Dobson v M.E.R.S. Inc./GMAC Mortgage Corp., 259 S.W. 3d 19, 22 (Mo. Ct. App. 2008)). For this, a plaintiff must plead facts sufficient to demonstrate that the foreclosure sale was otherwise void or voidable due to fraud, unfair dealing, or mistake in the sale. Ice, No. 09-3232-CV-S-GAF, 2010 WL 1936175, at *4. Where a plaintiff fails to show that the sale itself was void or voidable due to fraud, unfair dealing, or mistake, upon a showing of a right to foreclose, a plaintiff cannot obtain equitable relief based on a wrongful foreclosure claim. Id.

In this case, Plaintiffs cannot sustain a cause of action for equitable relief based on wrongful foreclosure. As set forth above, Defendant Deutsche had a right to foreclosure when Plaintiffs defaulted on their loan. Thus, Plaintiffs can only maintain an action for equitable relief based on wrongful foreclosure against Defendant Deutsche if they can show fraud, unfair dealing, or mistake in the actual sale of their property. Id. Notably, Plaintiffs cannot demonstrate fraud, unfair dealing, or mistake in the sale of their property. In their Complaint, Plaintiffs have alleged Defendant Kozeny & McCubbin did not have authority to conduct a trustee's sale of the subject property. See Complaint ¶ 30. To support this allegation, Plaintiffs have made assertions challenging Wells Fargo Bank, NA's authority to execute the Appointment of Successor Trustee as attorney in fact for Defendant Deutsche. See Complaint ¶ 22. Plaintiffs have also challenged the authenticity of the signatures on the document as well as the authority of Xee Moua to act on Well's Fargo's behalf. See Complaint ¶ ¶ 20, 21. However, Plaintiffs have set forth no facts indicating a basis for their assertion that Wells Fargo Bank, NA did not have authority to act as attorney in fact for Defendant Deutsche for the appointment of a successor trustee. Similarly, Plaintiffs have also set forth no facts indicating any basis for challenging the signatures on the document or the authority of the signors to act on Wells Fargo Bank, NA's behalf. Instead, Plaintiffs have alleged conclusory, inflammatory statements in an attempt to create a cause of action and avoid the consequences of defaulting on their loan. Such conclusory allegations are insufficient to sustain a cause of action for equitable relief based on wrongful foreclosure and their Complaint should be dismissed with prejudice.

**C.    Plaintiffs Cannot Sustain a Cause of Action for Quiet Title**

A plaintiff cannot sustain a cause of action for quiet title where he has failed to show that he has superior title to the property at issue. Dufrenne v. CitiMortgage, Inc., No. 4:09CV-1524HEA, 2009 WL 5103275, at * 3 (E.D. Mo. Dec. 17, 2009). Accordingly, a motion to dismiss for failure to state a claim is properly granted in a quiet title action if a plaintiff fails to show superior title. Id.

5

In this case, Plaintiffs have failed to show that they have superior title to the subject property. As set forth above, Plaintiffs defaulted on their loan and Defendant Deutsche had authority to foreclose on the subject property. As set forth above, Defendant Deutsche appointed Defendant Kozeny & McCubbin as successor trustee to conduct a trustee's sale of the subject property after Plaintiffs defaulted on their loan. Notably, the Successor Trustee's Deed, Defendant Deutsche was the highest bidder at the foreclosure sale for the subject property. This Court may take judicial notice of the Assignment of Deed of Trust as it is on file with the St. Charles County Recorder of Deeds and is therefore a matter of public record. A copy of the Assignment of Deed of Trust is attached as <u>Exhibit A</u>. Despite Plaintiffs' assertions, the Successor clearly identifies the highest bidder as Defendant Deutsche as Trustee for the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4. Plaintiffs' attempt to create a cause of action to quiet title based on conclusory, inflammatory allegations fail to show that they have superior title in support of their claims. Therefore, the Complaint should be dismissed with prejudice.

    **D.    Plaintiffs Cannot Sustain a Cause of Action for Violations of the Fair Debt Collection Practices Act**

"The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." See <u>Quinn, III v. Ocwen Federal Bank FSB</u>, 470 F.3d 1240, 1246 (8th Cir. 2006) (citing 15 U.S.C. § 1692e). Accordingly, the FDCPA prevents debt collectors from using "false, deceptive, misleading, unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692e; 15 U.S.C. § 1692f.

In this case, Plaintiffs cannot sustain a cause of action for violations of the FDCPA. In Count III of the Complaint, Plaintiffs have alleged that Defendants violated the FDCPA. See Complaint, at Count III. However, Plaintiffs have failed to plead any facts that would demonstrate that Defendant Deutsche or Defendant ASC took any actions that were false, deceptive, misleading, unfair or unconscionable. Instead, Count III of the Complaint merely identifies communications

Plaintiffs had with Defendant Kozeny & McCubbin. Thus, Plaintiffs have failed to plead any facts that indicate that Defendant Deutsche or Defendant ASC acted in violation of FDCPA. Additionally, the allegations of the Complaint rely on the assertion that Defendant Deutsche was not the holder of the subject note and lacked authority to appoint Defendant Kozeny & McCubbin as successor trustee. See Complaint, at Count III. However, such allegations cannot be the basis of FDCPA claims because there were no false, deceptive, unfair, or unconscionable actions. As set forth above, Defendant Deutsche, was holder of the note, had authority and a right to take necessary action to foreclosure on the subject property, including the appointment of Defendant Kozeny & McCubbin as successor trustee. Therefore, Plaintiffs cannot show that Defendants engaged in any action in violation of FDCPA and the Complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' Complaint with prejudice because Plaintiffs have failed to state a claim upon which relief may be granted.

Respectfully submitted,

BRYAN CAVE, LLP

/s/ Ashley H. Nall
Eric D. Martin, USDC #: 67275
Ashley H. Nall, USDC #: 1286741
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Fax: (314) 259-2020
E-mail: eric.martin@bryancave.com
E-mail. ashley.nall@bryancave.com

*Attorneys for Defendants America's Servicing Company and Deutsche Bank National Trust Company*

7

# CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2010, the foregoing was filed electronically with the Clerk of Court to be served to the following by operation of the Court's electronic filing system, to:

Jennifer A. Coke
The Coke Firm
PO Box 771009
St. Louis, Missouri 63177

*Attorney for Plaintiffs*


R.C. Wuestling
Susan M. Schwartzkopf
M. Adina Johnson
720 Olive, Suite 2020
St. Louis, Missouri 63101

*Attorney for Defendant Kozeny & McCubbin*


              /s/ Ashley H. Nall